HAROLD LEE AND BIRTHA MAE FRANCIS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Francis v. Commissioner
Docket No. 42658-85.
United States Tax Court
T.C. Memo 1988-30; 1988 Tax Ct. Memo LEXIS 30; 54 T.C.M. (CCH) 1607; T.C.M. (RIA) 88030; January 27, 1988. Harold Lee Francis, for the petitioners. Rebecca A. Dance, for the respondent. KORNER
MEMORANDUM OPINION KORNER, Judge: By separate statutory notices of deficiency dated September 5, 1985, respondent determined deficiencies of income tax and additions to tax against petitioners as follows: ADDITION TO TAX
YEAR
PETITIONER(S)
DEFICIENCY
SECTION 6653(b) [1]
1982
Harold L. Francis
$ 31,477.50
$ 15,738.75
plus 50% of
interest due
on $ 31,477.50
1983
Harold L. Francis
$ 24,000.40
$ 12,000.20
Birtha M. Francis
plus 50% of
interest due
on $ 24,000.40
*31 By timely petition filed herein, the petitioners placed all of the above amounts in dispute. At the time of filing their petition herein, petitioners were residents of Mulberry, Arkansas. In his answer filed herein, respondent, after denying the allegations of fact in the petition, made detailed affirmative allegations of fact in support of his determinations of unreported income by petitioners in each of the two years at issue, as well as affirmative allegations of fact supporting respondent's determination of additions to tax for fraud under section 6653(b). Upon petitioners' failure to file a reply to the affirmative allegations of respondent's answer, as required by Rule 37, respondent filed a motion with this Court, praying for an order that the undenied allegations of the answer be deemed admitted, pursuant to Rule 37(c). On April 14, 1986, the Court notified petitioner of the filing of respondent's motion, and allowed petitioner until May 5, 1986 to file an appropriate reply to the affirmative allegations of respondent's answer. No response having been received from petitioners, the Court, by orders dated May 16 and June 18, 1986, extended the time within which petitioner *32 could file a reply to respondent's answer to July 17, 1986, further ordering service by regular mail as well as by the regular service of certified or registered mail. Upon petitioner's continued failure to respond, the court, by order dated July 28, 1986, ordered that "the affirmative allegations of fact set forth in paragraph 6, and the subparagraphs thereof, of respondent's answer are deemed to be admitted for the purposes of this case." By notice dated June 29, 1987, this case was set for trial at a trial session of the Court at Little rock, Arkansas, beginning on November 30, 1987. On September 25, 1987, respondent filed a motion herein for judgment on the pleadings in his favor, on the grounds that the facts deemed admitted by the Court's order of July 28, 1986, left no further material facts in dispute and presented no further justiciable issue to the Court with respect either to the deficiencies determined nor the additions to tax under section 6653(b). By order dated September 30, 1987, respondent's motion was calendared for hearing at the previously scheduled trial session of the Court at Little Rock, Arkansas, on November 30 1987. The matter was called from the calendar *33 on that date, both parties were heard thereon, and the Court took respondent's motion under advisement. The case is before us in this posture. In an ordinary case, where there are no issues on which respondent has the burden of proof and must affirmatively plead, a petition which raises no justiciable issues is properly subject to a motion for judgment on the pleadings under Rule 120. See . Where, as here, however, respondent has the burden of proof on the fraud issue, section 7454; Rule 142(b), and the necessary facts are supplied by an order of the Court under Rule 37(c), such facts are established by matters outside the pleadings. In these circumstances, a motion for judgment on the pleadings is not appropriate, and we shall consider respondent's motion herein as a motion for summary judgment under rule 121. See ; compare ; . The relevant and material facts which are deemed to be established in this record, under Rule 37(c), and *34 as to which there are no established contrary facts, are as follows: During the years 1982 and 1983, petitioner Harold Lee Francis [2] was self-employed as an independent truck driver. During each of those years, petitioner purchased bulk quantities of narcotics, including preludin, from Gerald F. Smith, M.D. in La Palma, California. Said narcotics were purchased with checks payable to Gerald F. Smith, M.D. or G. F. Smith, M.D., drawn on the account of the Harold F. Francis Trucking Company in Mulberry, Arkansas. The checks were written in the total amounts of $ 17,790 during the 1982 taxable year and $ 16,510 during the 1983 taxable year. Petitioner transported the narcotics purchased from Dr. Smith from California to Arkansas during 1982 and 1983 and resold those narcotics for profit to various purchasers throughout the state of Arkansas during each of the 1982 and 1983 taxable years. Petitioner received gross income from the illegal sale of narcotics *35 during the 1982 and 1983 taxable years in the respective amounts of $ 106,740 and $ 98,310. During the year 1982, petitioner received monthly statements (including canceled checks) for the Harold Francis Trucking Company checking account from the Bank of Mulberry. Upon receiving each monthly statement from the Bank of Mulberry, petitioner willfully and intentionally removed and destroyed all checks written to and endorsed by Gerard F. Smith, M.D. and G. F. Smith, M.D. In destroying said checks, petitioner fraudulently destroyed business records relating to his illegal narcotics trade. During 1982, petitioner expended large amounts of cash to acquire livestock, farm equipment and improvements to a farm owned by him. These cash expenditures were made by petitioner with a portion of the proceeds received from the illegal sale of narcotics. On his 1982 Federal income tax return, petitioner intentionally omitted references to all farm expenses made during the 1982 taxable year, in an attempt to conceal large cash expenditures and income received from the illegal sale of narcotics. Petitioner attempted to conceal income received from the illegal sale of narcotics by making large *36 farm expenditures solely in cash during the 1982 taxable year. Petitioner omitted all income received from the sale of narcotics as well as the costs of such narcotics from the 1982 and 1983 returns. In attempting to determine the taxable income for the 1982 and 1983 taxable years, respondent requested from petitioner records and/or information relating to income from and expenses related to the illegal sale of narcotics during 1982 and 1983. Petitioners refused to provide respondent with any records or other information relating to petitioner's illegal sale of narcotics during 1982 and 1983. All of the deficiencies in tax for 1982 and 1983 were due to petitioner's fraud with the intent to evade income tax. The factual allegations of respondent's answer respecting his determinations of deficiency in income tax for the years 1982 and 1983 have been deemed admitted. Accordingly, we conclude that there is no genuine issue of material fact with respect to the deficiency determination, and respondent is entitled to a decision respecting that determination as a matter of law. Rule 121. With respect to the additions to tax under section 6653(b), the burden of proof is on respondent *37 to prove by clear and convincing evidence that an underpayment exists and that a part of the underpayment of tax is due to fraud with the intent to evade tax. Sec. 7454(a); Rule 142(b); ; . Where respondent's allegations of fraud are deemed admitted under an order pursuant to Rule 37(c), such deemed admitted facts will support respondent's burden of proof. ; ; compare . The material factual allegations in the answer with respect to fraud which have been deemed admitted clearly and convincingly establish that for the taxable years 1982 and 1983 an underpayment of tax exists and that all of the underpayment is due to fraud with intent to evade tax. Since there is no genuine issue as to any material fact present in this record, respondent is entitled to a decision as a matter of law, and summary judgment in his favor will be granted. An appropriate order and decision will be entered. *38 Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as in effect in the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, except as otherwise noted. ↩
2. When used in the singular hereafter, "petitioner" refers to petitioner Harold Lee Francis. Petitioner Birtha Mae Francis is involved herein only because she signed a joint return with petitioner for the year 1983. ↩